**[J-36-2016] [MO: Dougherty, J.]**

**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| A.S., | : | No. 24 MAP 2014 |
| | : | |
| Appellee | : | Appeal from the Order of the |
| | : | Commonwealth Court at No. 473 MD |
| | : | 2012, dated March 7, 2014 |
| v. | : | |
| | : | ARGUED: March 8, 2016 |
| | : | |
| PENNSYLVANIA STATE POLICE, | : | |
| | : | |
| Appellant | : | |

**DISSENTING OPINION**

**JUSTICE WECHT**                                    **DECIDED: August 15, 2016**

Like it or not, our decision in this case should be controlled by the unambiguous language of 42 Pa.C.S. § 9795.1(b)(1) (superseded). I join in the bulk of Justice Todd's incisive analysis of that provision and in the well-reasoned conclusion that she draws in her dissenting opinion. Like Justice Todd, I believe that Subsection 9795.1(b)(1) "clearly and unambiguously provides that any individual who accrues multiple convictions for offenses set forth in [Subsection 9795.1(a)] is subject to lifetime registration as a sexual offender." Dissenting Opinion at 1.

However, I believe that the plain meaning of the statutory language should mark the beginning and the end of our analysis. In particular, I think it unnecessary to invoke judicially derived interpretations of the statute's "overall structure"[1] when the

---

[1]    See Dissenting Opinion at 6 (quoting Commonwealth v. Gehris, 54 A.3d 862, 867 (Pa. 2012) (Opinion in Support of Affirmance)).

legislature's actual words compel the result. I would not go so far as to assume or suggest that the statutory framework "evidences a deliberate legislative judgment . . . to make the differing length of registration requirements dependent not only on the nature of the specific sexual offenses for which an individual is convicted, but, also, on the occurrence of a multiplicity of certain types of offenses, particularly those committed against children," or that "the frequency with which a convicted defendant is determined to have engaged in certain types of prohibited conduct with children is a particularly important factor in determining whether he or she should be subject to lifetime registration." Id. at 7 (quoting Commonwealth v. Gehris, 54 A.3d 862, 867-68 (Pa. 2012) (Opinion in Support of Affirmance ("OISA"))). These are reasonable speculations. But they are speculations nonetheless.

It is axiomatic that, "[w]hen the words of a statute are clear and unambiguous, there is no need to look beyond the plain meaning of the statute 'under the pretext of pursuing its spirit,'" and "[o]nly '[w]hen the words of the statute are not explicit' may a court resort to the rules of statutory construction[.]" Warrantech Consumer Prods. Servs., Inc. v. Reliance Ins. Co. in Liquidation, 96 A.3d 346, 354 (Pa. 2014) (quoting 1 Pa.C.S. § 1921(b)). Our definition of "ambiguity" is of central importance to this analysis. "A statute is ambiguous when there are at least two reasonable interpretations of the text under review." Id. at 354-55.

Like Justice Todd, I am unpersuaded by the reasoning of the Opinion in Support of Reversal ("OISR") in Gehris, quoted by today's Majority, regarding the threshold finding of ambiguity. According to the Majority:

> The 'two or more convictions' language in subsection (b) seems clear and unambiguous on the surface. But if Section 9795.1 is viewed as a whole and the General Assembly's legislative findings and declaration of policy at 42 Pa.C.S. § 9791 are read closely, it is clear that the primary concern is with sexually violent predators.

Majority Opinion at 14 (quoting Gehris, 54 A.3d at 878-79 (OISR)).

From the frequency with which the term "sexually violent predator" appears in the statutory text, as compared with the number of references to nonviolent offenders, the Majority and the OISR in Gehris derive support for the proposition that Section 9795.1 reflected a recidivist philosophy, reserving the most serious registration consequence for "more serious (primarily violent) offenders and 'true' recidivists." Id. (quoting Gehris, 54 A.3d at 879 (OISR)). In response to Justice Todd's observation that the Majority has not explained adequately *how* the statute is ambiguous, the Majority reiterates that, in context, "the primary concern of the statute is with sexually violent predators and not with nonviolent offenders." Id. at 18 n.14 (citing Gehris, 54 A.3d at 878-79 (OISR)).

Like Justice Todd, I think it significant that no reasonable alternative interpretation of the language "two or more convictions" arises from the proposition that "the primary concern" of the statute is with sexually violent predators. Nonetheless, I differ with Justice Todd in her suggestion that, because "the vast majority of [Subsection 9795.1(a)(1) offenses] are offenses against children," we may presume "a deliberate legislative judgment, consistent with its objective of protecting public safety, to make the differing length of registration requirements dependent not only on the nature of the specific sexual offenses for which an individual is convicted, but, also, on the occurrence of a multiplicity of certain types of offenses, particularly those committed against children." Dissenting Opinion at 6-7 (quoting Gehris, 54 A.3d at 867-68 (OISA)). I view this analysis as positing an alternative "primary concern" of the statute which, like that suggested by the Majority, does not flow inexorably from the unambiguous language of Section 9795.1(b)(1).

"Generally, the best indicator of legislative intent is the plain language of the statute." Warrantech, 96 A.3d at 354. After concluding that the text of 42 Pa.C.S.

§ 9795.1(b)(1) is susceptible to only one reasonable interpretation, as Justice Todd and I both do, we reach the end of the story. There is no further need or warrant to inquire into or speculate about the General Assembly's intent, its objective, or its "primary concern" in enacting that text into law. The General Assembly made its intent clear through the use of the unambiguous language, "[a]n individual with two or more convictions of any of the offenses set forth in" 42 Pa.C.S. § 9795.1(a) "shall be subject to lifetime registration" as a sexual offender. 42 Pa.C.S. § 9795.1(b)(1).

Finally, I write separately to emphasize that I share deeply the concerns underlying the Majority's reasoning. Were we not constrained by the unambiguous statutory text, I readily would endorse the Majority's approach. Although this Court in Commonwealth v. Williams, 832 A.2d 962, 986 (Pa. 2003), held that sexual offender registration requirements are non-punitive for purposes of due process, lifetime registration as a sexual offender undoubtedly remains a uniquely burdensome consequence of criminal conviction. As the Majority and the Gehris OISR correctly noted, the registration requirement can affect an individual's employment opportunities, housing options, and reputation, and can result in criminal prosecution if violated. See Majority Opinion at 13-14 (quoting Gehris, 54 A.3d at 878 (OISR)). It is the Mark of Cain.

Like the Majority, I believe that the statutory scheme *should* embody a recidivist philosophy. Unfortunately, that is not what the legislative words did. I agree that fairness and justice are not achieved by the General Assembly's uniform treatment of first-time, nonviolent offenders and those who commit the most serious and heinous sexual offenses. However, we are not addressing any constitutional challenge. This case presents a question of statutory interpretation. This Court may not alter the meaning of unambiguous statutory language in order to achieve what it perceives to be

a preferable result. The statutory scheme operated to impose a perhaps unduly harsh consequence upon those individuals who will receive the benefit of the ruling reached by today's Majority. But this consequence is mandated by the statutory text. I respectfully dissent.